WEEKS v. McPHAIL.

(Filed October 1, 1901.)

1. JUDGMENT—*Decree—Nonsuit.*

A decree in partition proceedings reciting that it was rendered on the merits, will not be construed to be a judgment of nonsuit because it orders that the petition be dismissed.

2. ESTOPPEL—*Former Adjudication—Erroneous Judgment—Evidence.*

A party to a subsequent proceeding, who introduces a will which had been erroneously construed in the former proceeding, for the purpose of showing that the matter at issue had been adjudicated, does not thereby lessen the effect of the former proceedings as an estoppel.

3. ESTOPPEL—*Former Adjudication—Partition.*

All parties to a partition proceeding, it being equitable in its nature, are estopped by a decree therein.

4. ESTOPPEL—*Ejectment—Pleading.*

Estoppel need not be pleaded in actions of ejectment.

PETITION for rehearing in this case overruled. For former opinion, see 128 N. C., 130.

*J. L. Stewart, Allen & Dortch, J. D. Kerr,* and *Battle & Mordecai,* for the petitioners.

*F. R. Cooper,* and *Geo. E. Butler,* in opposition.

FURCHES, C. J. This is a petition to rehear this case, decided at the last term of the Court, and reported in 128 N. C., 130. There are five grounds assigned in the petition in which error is alleged in the opinion of the Court when this case was here before. And while the argument before us

was principally upon the first assignment, none of them were abandoned, and it will be necessary that we shall examine and pass upon all of them.

The first assignment is as follows: "That the decree of 1854, dismissing the petition, was in substance a nonsuit," and cites *Strauss v. Beardsley,* 79 N. C., 59. This case, in our opinion does not sustain the contention of the petitioners, and is not authority for holding that the "decree" in the Courts of Sampson, in 1854, was "in effect a nonsuit." That case shows that the judgment in that case, which the Court says was "in substance a nonsuit," was a judgment dismissing the action for the reason that the Court had *no jurisdiction* to try the case. And this being so, it shows it was not disposed of upon its merits—could not have been; and this being so, if the Court has proceeded to try the case and enter up a formal judgment, it would have been a nullity, and would have been no estoppel; while it was not disputed, and can not be disputed, that the Court of Pleas and Quarter Sessions of Sampson County had jurisdiction of this proceeding for partition, and the Superior Court upon appeal.

Originally, the Courts of law and equity had concurrent jurisdiction of matters of partition. But in 1787 the Legislature gave jurisdiction in matters of partition "to the Justices of the County Courts of Pleas and Quarter Sessions," as well as to the Superior Courts, and prescribed the mode and manner in which it should be done; that it should be done by filing a petition as was done in this case. Rev. Stat., Vol. I., Chap. 85, sec. 1.

The Legislature did not only give the county Courts jurisdiction in cases of partition, but it prescribed the manner of procedure; which was substantially the equity practice in such cases. There were the best of reasons for prescribing the equity practice, because matters of partition involved equitable jurisdiction. The judgments of the law Courts

were *in solido,* yea, yea, or nay, nay; while the *decrees* in Courts of equity could be shaped and modified to meet the facts and requirements of the case. They could not only grant the order for partition, but direct the assignment in owelty, and require the same to be reported back to the Court, subject to exceptions, to be passed upon by the Court before a final decree was rendered. This is the reason the final order in matters of partition was called the "decree" of the Court. So this case is distinguished from *Strauss v. Beardsley,* in that the county Courts of Sampson had jurisdiction, and the Superior Court had on appeal; while in *Strauss v. Beardsley* it did not. And it is not denied but what Hester Weeks and all her children were parties to the proceeding for partition. It is distingushed from Strauss's case by the fact that judgment of dismissal in that case was for the want of jurisdiction—the merits were not passed upon; while in the case of *Raynor v. Weeks* the merits of the case are discussed and expressly passed upon. And it would seem strange if we should say, forty years afterwards, that the Court did not consider and pass upon the merits of that case, although it expressly said it did, because it was said inadvertently, as we must think, that the "petition be dismissed," instead of saying that the petitioner will take nothing by his petition.

The petitioner also cites *Campbell v. Potts,* 119 N. C., 530. But that case is also put upon the want of jurisdiction, and the further fact that it appeared that it was not made upon a consideration of the merits of the case.

The petitioner also cites the case of *Bond v. McNider,* 25 N. C., 440. But this is also put upon the ground that the Court had no jurisdiction.

The petitioner also cites *Homer v. Brown,* 57 U. S., 354. But the opinion in that case seems to hinge upon the ground that the Court was called to pass upon an agreed state of facts, in which it *was agreed* that, if the opinion of the Court

was adverse to the plaintiff, a judgment of nonsuit should be entered.    This, we think, is no more than we see in almost every-day practice, where the Court intimates an opinion adverse to the plaintiff, he takes a nonsuit.    There was no such thing as this in the case of *Raynor v. Weeks* in the Courts of Sampson.    In *Raynor v. Weeks* it appears that the defendant answered and the case was heard upon the petition and answer, and the decree entered thereon, from which there was no appeal.    We can not sustain the petitioner on the first assignment.

The second assignment of error is "that the Court overlooked, or did not give the fact the attention it deserved, the fact that the plaintiff on the trial introduced in evidence the will of Richard Warren, which showed that Hester and her children were tenants in common under said will, and that this set the matter of estoppel at large."    We do not think so.    The will of Warren is not pleaded by the plaintiff so as to make it a part of the record, and we do not think the plaintiff was estopped by introducing this will in evidence. It seems to us that the will was introduced for the purpose of showing what was before the Court in 1854, when the judgment was rendered, and for the purpose of showing that the same matter was passed upon then  that is involved in this action. For that purpose (and that is the only purpose we see that it was offered for) we think it was proper and did not estop the plaintiff.

The third assignment of error is disposed of by what we have said as to the second assignment.

The fourth assignment of error is that the Court overlooked the fact that only one of the children of Hester Weeks was a plaintiff, and that estoppels only operate as between adverse parties.    It is seen that a proceeding to partition land is equitable in its nature; and in equity all parties, whether plaintiffs or defendants, are bound—estopped by the judg-

ment or decree. This, it seems to us, is a sufficient answer to the assignment. And while the judgment of 1854 was adverse to the interests of all the children (all defendants except Hester) they had the right to be heard and were heard, and the right to appeal, and as they did not do so, they are bound by the judgment of the Court. We can not hold that defendants in partition proceedings are not bound by the judgment of the Court; to do so would destroy the title to thousands of tracts of land in this State—and to sustain this assignment of the petitioner would be to do so.

The fifth assignment can not be sustained. If we understand it, it has been disposed of by what we have already said.

The sixth assignment is "That the Court overlooked the fact that no estoppel is pleaded," and cites *Wilkins v. Suttle,* 114 N. C., 556, as authority for the assignment. We do not think this case sustains the assignment. It seems to be authority for holding that, in actions of ejectment and for possession of land, it need not be pleaded. Neither do we think *Bogart v. Blades,* 117 N. C., 221, cited by petitioner, sustains his contention. It holds that if a party has had the right to be heard and to assert his rights, he is bound by the judgment. And it appears that all the parties interested in this land under the will of Richard Warren were properly before the Court, had the opportunity to be heard and were heard.

After giving a careful examination of all the errors assigned in the petition, we do not think it should be allowed.

Petition dismissed.