CLARK C. MAYBERRY AND WIFE, NINA M. MAYBERRY v. WELDON
CAMPBELL AND WIFE, ERIE CAMPBELL

No. 7223DC586

(Filed 25 October 1972)

**Judgments § 37— title to land — dismissal of defendants' prior action —
judgment not res judicata in plaintiff's action**

 Where present plaintiffs did not put their title in issue by way
of counterclaim in a prior action instituted by present defendants to
remove cloud from title, and determination of plaintiffs' title was
not necessary for disposition of that action, judgment dismissing the
prior action for failure of defendants to prove their title is not *res
judicata* in an action by plaintiffs for a permanent injunction, dam-
ages and judgment declaring them owners of the land in controversy
upon allegations that they are the owners in possession of the land
and that defendants are trespassing thereon.

APPEAL by plaintiffs from *Osborne, District Judge,* 15
March 1972 Session of District Court held in WILKES County.

Plaintiffs allege that they are the owners in possession of
a 13.95 acre tract of land and that defendants are trespassing
thereon. Plaintiffs seek a permanent injunction, damages and
judgment declaring them to be the owners of the land. A tem-
porary injunction was issued on 17 February 1972. Defendants
answered and admitted cutting timber on the land. Defendants
denied plaintiffs' title, alleged ownership in themselves and, as
an additional defense, pleaded a prior judgment between the
parties as *res judicata.*

On 15 March 1972, the cause came on for hearing on the
temporary injunction. The trial judge considered the pleadings,
the judgment in the prior action and the opinion of this court on
appeal from the prior judgment which is reported as *Campbell
v. Mayberry,* 12 N.C. App. 469, 183 S.E. 2d. 867. The judge
then concluded that all matters between the parties were finally
adjudicated in the prior action, that defendants' plea of *res
judicata* was a meritorious defense and entered judgment dis-
missing the action.

*Whicker, Vannoy & Moore by J. Gary Vannoy for plaintiff
appellants.*

*Franklin Smith for defendant appellees.*

VAUGHN, Judge.

The complaint in the prior action makes no reference to possession by plaintiffs (Campbell) or trespass by defendants (Mayberry). It was an action to remove cloud from title cast under the provisions of G.S. 41-10. In the prior action, the Campbells alleged ownership of the land in question and that the Mayberrys were asserting a claim thereto which constituted a cloud on the Campbell title. Mayberrys filed answer denying Campbells' title and alleging title in themselves. Mayberrys' plea of title constituted an affirmative defense and not a counterclaim. *Edwards v. Arnold,* 250 N.C. 500, 109 S.E. 2d 205. They sought no affirmative relief and simply prayed that Campbells' action be dismissed. In the prior action the burden was on the Campbells to prove (1) that they owned the land in controversy or some estate therein and (2) that defendants asserted some claim to the land adverse to their title. *Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16. That the Mayberrys were asserting a claim adverse to the Campbells' title affirmatively appears on the face of the Mayberrys' answer and no further proof thereof would have been required. The Campbells were not required to prove the invalidity and wrongfulness of the Mayberrys' claim; such claim was necessarily wrongful if adverse to the true owner. *Wells v. Clayton, supra.* Therefore, the only question requiring answer which was necessary for determination of the prior action was whether the Campbells had proved title. As is set out in the opinion on the prior appeal, *Campbell v. Mayberry, supra,* plaintiffs failed to do so and the judgment dismissing their action was affirmed. The trial judge's additional conclusion that the Mayberrys were the owners in fee was ordered stricken in accordance with the well-established principle that "[a] failure of one of the parties to carry his burden of proof on the issue of title does not, *ipso facto,* entitle the adverse party to an adjudication that title to the disputed land is in him." *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297. That this court ordered the conclusions that the Mayberrys were the owners in fee stricken from the judgment does not estop the Mayberrys from pursuing their present action.

It is true, of course, that a different question would be presented if a determination of the Mayberrys' title had been necessary for disposition of the prior action or if they had put their title in issue by way of a counterclaim. If the Mayberrys

had put their title in issue by way of a counterclaim, however, alternatives would have been available to them that were not available to them in the prior action. Although all the pleadings were filed prior to the effective date of the new Rules of Civil Procedure, the trial occurred thereafter. Among other things, the Mayberrys, on their counterclaim, could have availed themselves of the provisions of Rule 41 relating to voluntary and involuntary dismissals. See Rule 41(c). On appeal, upon determination that their evidence was insufficient as a matter of law, the case would have been remanded and the Mayberrys would have been entitled to move for a voluntary dismissal of their counterclaim without prejudice. *King v. Lee,* 279 N.C. 100, 181 S.E. 2d 400.

We further observe that, in this day of notice pleadings, the occasions will be very rare when a trial judge can make a determination as to whether a particular action is barred as *res judicata* by an examination of the pleadings and the prior judgment as was attempted here.

Reversed.

Judges PARKER and GRAHAM concur.