ROBERT L. YOUNT AND WILLIAM E. BUTNER, INDIVIDUALLY, AND
   ROBERT L. YOUNT AND WILLIAM E. BUTNER, t/d/b/a WILKES
   INDUSTRIAL PARK, A PARTNERSHIP, PLAINTIFFS v. ELMER LOWE

No. 7423SC762

(Filed 25 November 1974)

Easements § 8; Highways and Cartways § 13— cartway proceeding — con-
   sent judgment — easement — uses not limited to cartway purposes

   Where a consent judgment in a cartway proceeding between de-
   fendant and plaintiffs' predecessor in title granted to defendant and
   his successors in title a perpetual right and easement over the lands
   now owned by plaintiffs and made such easement appurtenant to and
   running with defendant's land, defendant's use of the easement was
   not limited to the uses for which a landlocked property owner may
   obtain a cartway under G.S. 136-69.

   Judge MORRIS dissents.

APPEAL by plaintiffs from *Collier, Judge,* 18 March 1974
Session of Superior Court held in WILKES County.

Heard in Court of Appeals 17 October 1974.

Plaintiffs brought this action on 2 January 1974 to enjoin
defendant from using a passageway over their property for any
purpose other than those specifically set out in G.S. 136-69,
which provides the procedure for obtaining a cartway. Defend-
ant filed answer in which he claims an easement over the prop-
erty of plaintiffs in accordance with a consent judgment entered
into by defendant and Paul Rhodes, plaintiffs' predecessor in
title.

The consent judgment in pertinent part is as follows:

"1. The petitioner, Elmer Lowe, is hereby granted a
3/ cartway across the lands of the defendant and extending
from the eastern boundary of the tract of land deeded to
the petitioner by Joe O. Brewer, T. R. Bryan, Sr. and Ralph
Davis, Commissioners, said deed being recorded in book 496
page 63 Office of the Wilkes County Registry across the
lands of the defendant to the western boundary of secon-
dary road #1001, more commonly known as the Oakwoods
or Brushy Mountain Road. By the granting of this cartway,
4/ the petitioner and his successors in title forever are given
a perpetual right and easement of egress, ingress and re-
gress over and upon the said cartway, 5/ as hereinafter
described, and the said cartway 6/ or easement herein

Yount v. Lowe

granted is appurtenant to and runs with the petitioner's land as above described. 7/ The cartway herein granted is described as follows: Lying and being in Wilkesboro Township, Wilkes County, North Carolina and more particularly described as follows:

> BEGINNING On a Stake in the west margin of the right-of-way of the Oakwood Road, said stake being 15.6 feet; south of a right-of-way marker and running thence S. 54° 30′ E 25 feet to a stake; thence N. 67° 30′ W 379 feet to a stake; thence N 63° 30′ W 391 feet to a stake in Elmer Lowe's line at a Poplar; thence S 87° E 48 feet to a stake; thence S 63° 30′ E 345 feet to a stake; thence S 67° 30′ E 362 feet to the beginning, containing 14,760 square feet.

> 2. In full and complete consideration for the granting of the cartway 8/ herein given to the petitioner, the defendant shall have and recover of the petitioner the sum of Two Thousand ($2,000.00) Dollars in full and final settlement of all matters in controversy arising out of this action, and in full and final settlement for the conveyance of the cartway 9/ herein granted to the petitioner."

Plaintiffs allege that defendant is using the access to his property granted in the consent judgment for the construction of a private residence and not for any purpose for which a cartway could be obtained under G.S. 136-69.

After pleadings were filed defendant made a motion for summary judgment under Rule 56(b) of the Rules of Civil Procedure. In support of his motion he submitted:

> 1. Consent judgment entered in the proceeding entitled "Elmer Lowe, Petitioner v. Paul Rhodes, Defendant" on 11 November, 1970, recorded in the office of the Clerk of Superior Court of Wilkes County and in the office of the Register of Deeds of Wilkes County in Book 512, Page _____.

> 2. Certified copy of Deed from Paul Rhodes to J. H. Pearson, covering the lands on which the easement was claimed, dated 5 April 1972, recorded in Deed Book 517, Page 310, in the office of the Wilkes County Registry. This deed provided that the property conveyed was subject to certain exceptions which included: "Right of easement in

favor of Elmer Lowe, dated November 11, 1970, and recorded in book 512, page 1648, Wilkes County Public Registry, together with any and all rights of way or easements recorded or unrecorded."

3. Certified copy of Deed from J. H. Pearson and others to Wilkes Industrial Park, a partnership, dated 3 October 1973, recorded in Book 527, Page 026, in the office of the Wilkes County Registry.

4. Affidavit of Elmer L. Lowe showing the construction of a home on his property at a contract price of over $60,000.00 upon which $55,000.00 had already been paid, the construction of a road, farm pond stocked with fish, the planting of an orchard, and extensive cultivation of land.

Plaintiffs answered the motion for summary judgment and asserted that there were issues of fact for determination by the jury. Affidavits were filed showing a difference of opinion concerning the use of the defendant's property.

The trial court granted summary judgment in favor of defendant and dismissed the action.

From this judgment, plaintiffs appeal.

*Butner and Gaither, by J. Richardson Rudisill, Jr., for plaintiff appellants.*

*E. James Moore and Vannoy, Moore and Colvard, by J. Gary Vannoy, for defendant appellee.*

BALEY, Judge.

The sole question presented by this appeal is whether the trial court erred in granting summary judgment for defendant. Summary judgment is properly granted when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56 (c). "The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of trial where it can be readily demonstrated that no material facts are in issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829. *See also Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400; 2 McIntosh, N. C. Practice 2d, § 1660.5.

Upon hearing on defendant's motion, the trial court had before it copies of the consent judgment entered into by Elmer Lowe and Paul Rhodes and a deed from Paul Rhodes to plaintiffs' immediate predecessors in title. The consent judgment granted to defendant and his successors in title forever a perpetual right and easement over the lands now owned by plaintiffs and made such easement appurtenant to and running with defendant's land. The easement was particularly described and located across plaintiffs' property. The deed from Paul Rhodes which recognized the right of easement in favor of defendant demonstrated beyond question his intent in the consent judgment granting the easement.

A consent judgment is a contract between the parties. *Mullen v. Sawyer,* 277 N.C. 623, 178 S.E. 2d 425; *Stanley v. Cox,* 253 N.C. 620, 117 S.E. 2d 826. Its terms are not controlled by the statute under which the action originally was brought. This statute, G.S. 136-69, covers the acquisition and not the continuance of a cartway. It lists the uses for which a landlocked property owner may secure access to a public highway. It does not limit the uses of the property once the cartway has been acquired. Plaintiffs are bound by the consent judgment entered with their predecessor in title.

There being no genuine issue of material fact, we hold that defendant is entitled to summary judgment as a matter of law and that the trial court was correct in bringing this litigation to an early end.

Affirmed.

Judge HEDRICK concurs.

Judge MORRIS dissents.