T. E. BLANTON AND WIFE, SADIE H. BLANTON v. LINDSEY V. MANESS AND WIFE, NANCY G. MANESS

No. 768SC671

(Filed 17 March 1977)

Judgments § 37— action for damages for breach of contract — prior action to enforce contract — identity of issues — res judicata

Plaintiffs' action for a money judgment for damages resulting from defendants' alleged breach of a contract between the parties was barred by plaintiffs' prior action to obtain a money judgment based on a judicial enforcement of the contract which resulted in a judgment for defendants, since both actions involved the same parties, the same subject matter which was the parties' contract, and the same issue which was whether defendants had wrongfully failed to pay plaintiffs any sums which the contract obligated them to pay.

APPEAL by plaintiffs from *Small, Judge.* Judgment entered 18 May 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 20 January 1977.

On 24 June 1968 plaintiffs and defendants signed a written contract by which they agreed that plaintiffs were entitled to 20 per cent of all sums due defendants under a contract dated 17 June 1968 between defendants and North Carolina Lime, Inc., (Lime, Inc.) which plaintiffs had been instrumental in negotiating. In January 1970 plaintiffs brought a civil action against defendants in the District Court in Jones County. In their complaint in that action plaintiffs alleged that defendants had paid their obligation under the 24 June 1968 contract until about 1 July 1969, but that defendants had made a new contract with Lime, Inc., under which Lime, Inc., was obligated to make further payments to defendants, and that plaintiffs were entitled to receive 20 per cent of all such payments. Plaintiffs prayed for judgment against defendants for $3,300.00, which

---

---

plaintiff alleged was 20 per cent of the amounts which Lime, Inc., had paid defendants under the new contract, and for an order directing defendants to pay plaintiffs 20 per cent of future payments made to them by Lime, Inc. Defendants filed answer in the Jones County action in which they alleged that on 1 January 1969 they had entered into a new contract with Lime, Inc., by the terms of which their previous contract with Lime, Inc., dated 17 June 1968 was rescinded and became null and void, and that since execution of said new contract defendants were no longer obligated to make any payments to defendants. By agreement of the parties the Jones County action was heard by the court without a jury. On 25 April 1974 the District Court entered judgment in that action making findings of fact on the basis of which the Court concluded:

" . . . that the contract dated January 1, 1969 between North Carolina Lime, Inc. and the defendants Maness annulled and voided the contract previously existing between them dated June 17, 1968 and the contract between the plaintiffs Blanton and the defendants Maness dated June 24, 1968 does not require the payment of any sums received by the defendants Maness under the terms of the contract dated January 1, 1969 or any subsequent contract."

On its findings and conclusions, the District Court adjudged that plaintiffs recover nothing of defendants. Plaintiffs' gave notice of appeal to this Court but failed to perfect their appeal, and their appeal was dismissed. Plaintiffs' subsequent petitions for certiorari were denied.

On 3 September 1975 plaintiffs brought the present action against defendants in the Superior Court of Wayne County. In their complaint in this action, plaintiffs alleged that defendants made and delivered to them the contract dated 24 June 1968, that defendants paid their obligations thereunder until about 1 July 1969, that on 7 August 1969 defendants made a new contract with Lime, Inc., and that immediately thereafter defendants ceased making payments to plaintiffs under the contract between them dated 24 June 1968. Plaintiffs alleged that defendants had willfully breached their 24 June 1968 contract with plaintiffs, and they prayed for judgment "[t]hat the defendants be required to account to them for 20% of the value of all lime mined from their property since July 1, 1969 to this date and that they have and recover said sum as damages in

addition to the sum of One Million Dollars ($1,000,000.00) for future damages all by reason of the wrongful breach of the contract existing between these parties."

Defendants filed answer denying they had breached their contract with plaintiffs and pleading the judgment entered in the Jones County action as *res judicata*. Defendants also moved for summary judgment on the grounds that plaintiffs were conclusively estopped from maintaining this action by the prior judgment entered in the Jones County action, supporting their motion by filing a copy of the record in the Jones County case. The court allowed the motion and dismissed plaintiffs' action. Plaintiffs appealed.

*Turner and Harrison by Fred W. Harrison for plaintiff appellants.*

*Douglas P. Connor for defendant appellees.*

PARKER, Judge.

The sole question for our determination is whether the court erred in dismissing plaintiffs' action on the ground of *res judicata*. We hold that it did not.

"*Res judicata* deals with the effect of a former judgment in favor of a party upon a subsequent attempt by the other party to relitigate the same cause of action." *King v. Grindstaff,* 284 N.C. 348, 355, 200 S.E. 2d 799, 804 (1973). "It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to parties and privies, in all actions involving the same matter." *Bryant v. Shields,* 220 N.C. 628, 634, 18 S.E. 2d 157, 161 (1942). "Ordinarily, the plea of *res judicata* may be maintained only where there is an identity of parties, of subject matter and of issues." *Kleibor v. Rogers,* 265 N.C. 304, 307, 144 S.E. 2d 27, 30 (1965).

Here, there was identity of parties, the plaintiffs and defendants in the present action being plaintiffs and defendants in the prior action. The subject matter of both actions was the same, a written contract between the parties dated 24 June 1968 which required defendants to make certain payments to plaintiffs. The complaints filed in both actions contain many of the same allegations, including the allegation that since 1 July 1969 defendants have failed to make the required money

Carter v. Insurance Co.

payments pursuant to the terms of that contract. That the plaintiffs sought in the prior action to obtain a money judgment based on a judicial enforcement of the contract, while in this action plaintiffs seek a money judgment for damages resulting from defendants alleged breach of the contract, provides a distinction without a difference. The ultimate issue in both actions was the same, whether defendants had wrongfully failed to pay any sums which the 1968 contract obligated them to pay. Implicit in the court's conclusion in the prior judgment that the contract did not require defendants to make any further payments to plaintiffs was that the contract had not been breached by defendants' refusal to make such payments. The rule of *res judicata* " . . . prevails as to matters essentially connected with the subject matter of the litigation and necessarily implied in the final judgment, although no specific finding may have been made in reference thereto. If the record of the former trial shows the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties." *Craver v. Spaugh*, 227 N.C. 129, 132, 41 S.E. 2d 82, 84 (1947).

Final judgment adverse to plaintiffs was entered in this matter in the prior action. Such judgment is *res judicata* and bars the present action. Summary judgment was properly granted for defendants.

Affirmed.

Judges MARTIN and ARNOLD concur.