VIRGINIA ELECTRIC AND POWER COMPANY v. MARSHALL F. TILLETT, JR. AND WIFE, BLYTHE TILLETT

No. 841SC624

(Filed 6 May 1986)

1. **Quieting Title § 2.2— interest in disputed property—judicial admission**

    The trial court in an action to quiet title erred in ruling that as a matter of law respondents had no interest in the disputed land where petitioner judicially admitted that respondents have at least some fractional interest in the disputed land.

2. **Judgments § 37.5— title to property—judgment dismissing prior action not res judicata**

    A judgment dismissing a prior action between petitioner's and respondents' predecessors in title for failure of respondents' predecessors to prove their title was not a conclusive adjudication of title in favor of petitioner's predecessors and is not *res judicata* as to respondents' claim of title in the present action.

3. **Deeds § 7.3; Registration § 1— State grant—registration not necessary to pass title**

    Registration was not required to pass title to property to respondents' predecessors in title under a State grant, and the prior recordation of a subsequent grant of the property to petitioner's predecessors conveyed nothing since the State then had nothing to grant. For petitioner to establish a superior title, it had to show not only that its later grant was duly recorded but that it or its predecessors had exercised some possession of, or other circumstances relative to, the lands described in the grant sufficient to divest respondents and their predecessors.

4. **Quieting Title § 2.2— fitting descriptions to disputed land**

    Respondents' forecast of evidence in an action to quiet title sufficiently demonstrated their ability to fit descriptions in their chain of title to the disputed land so as to survive petitioner's motion for summary judgment.

5. **Parties § 8.3— refusal to join additional parties—no abuse of discretion**

    The trial court did not abuse its discretion in denying respondents' motion to join additional parties in an action to condemn land and to quiet title since

respondents failed to show that any other parties were necessary to the resolution of questions as to the extent of respondents' rights *vis-a-vis* petitioner and respondents' entitlement, if any, to just compensation.

APPEAL by respondents from *Watts, Judge.* Judgment entered 28 February 1984 in Superior Court, DARE County. Heard in the Court of Appeals 7 February 1985. Opinion filed by this Court 19 March 1985, 73 N.C. App. 512, 327 S.E. 2d 2, vacating judgment and instructing the trial court to dismiss, was reversed by the Supreme Court of North Carolina and remanded for consideration on the merits by opinion and order filed 18 February 1986, 316 N.C. 73, 340 S.E. 2d 62 (1986). Our prior opinion is accordingly withdrawn and we consider this appeal on its merits.

The procedural history of this case appears in detail in the opinion of the Supreme Court, and will not be recounted here. Briefly summarized, it is this: Respondents' predecessors sought to establish their boundary with petitioner VEPCO's predecessor in title, who counterclaimed to quiet title. That action in 1974 resulted in a directed verdict on respondents' predecessors' claim for VEPCO's predecessor, who voluntarily dismissed the quiet title counterclaim. VEPCO acquired its predecessor's interest and began construction of power lines in 1981, which respondents opposed. VEPCO began a condemnation proceeding, which by virtue of respondents' counterclaims became a quiet title action as well. The trial court entered summary judgment quieting title in VEPCO and extinguishing all respondents' claims. Respondents appealed. Further facts and case history are set out as necessary below.

*Leroy, Wells, Shaw, Hornthal and Riley, by Dewey W. Wells and Robert W. Bryant, Jr., and Hornthal, Riley, Ellis & Maland, by Robert W. Bryant, Jr. and L. P. Hornthal, Jr., for petitioner-appellee.*

*Shearin and Archbell, by Roy A. Archbell, Jr., for respondent-appellants.*

EAGLES, Judge.

This case is before us on appeal of a grant of summary judgment. Summary judgment is appropriate where there is no genuine issue of material fact and the case presents only questions of

law. G.S. 1A-1, R. Civ. P. 56(c). This is true even if the questions of law are complex. *Thomas v. Ray*, 69 N.C. App. 412, 317 S.E. 2d 53 (1984). The court may grant summary judgment if the movant conclusively establishes every element of its claim or, as appears to have been attempted here, conclusively establishes a complete defense or legal bar to the non-movant's claim. *Ballinger v. N.C. Dept. of Revenue*, 59 N.C. App. 508, 296 S.E. 2d 836 (1982), *cert. denied*, 307 N.C. 576, 299 S.E. 2d 645 (1983). The burden rests on the movant to make a conclusive showing; until then, the non-movant has no burden to produce evidence. *See Perry v. Aycock*, 68 N.C. App. 705, 315 S.E. 2d 791 (1984). The record is viewed in the light most favorable to the non-movant. *See Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974). Since the trial court in entering summary judgment rules only on questions of law, a summary judgment is fully reviewable on appeal. *N.C. Reins. Facility v. N.C. Ins. Guaranty Ass'n.*, 67 N.C. App. 359, 313 S.E. 2d 253 (1984).

I

Respondents first assign error to the trial court's ruling that "as a matter of law" they have no interest in the disputed property. That the trial court possessed the authority to entertain such a contention and to rule accordingly was established by the Supreme Court's opinion in this case. 316 N.C. at 76, 340 S.E. 2d at 64-65. Therefore we now examine the merits of the issue, respondents having properly excepted and assigned error.

A

The trial court's ruling was that as a matter of law respondents have no interest in the disputed property; the trial court did not reach the compensation question since if respondents hold no interest and VEPCO owns the land, VEPCO need not condemn its own land. As we held in our initial opinion, the condemnation proceeding would then be moot. 73 N.C. App. at 519-20, 327 S.E. 2d at 7. Therefore in this assignment the only questions involved are questions of title.

B

[1] Respondents argue that VEPCO judicially admitted that respondents have at least some fractional interest in the disputed

land, and that the trial court erred in ruling they had no interest at all. We agree.

In response to a "Request to Admit," VEPCO made the following admission: "For purposes of this action petitioner admits that [grantors' deed] to petitioner did not convey to petitioner a small fractional interest in the property described therein." This admission was conclusive against VEPCO, since it was never withdrawn or amended. G.S. 1A-1, R. Civ. P. 36(b); *Laing v. Liberty Loan Co.*, 46 N.C. App. 67, 264 S.E. 2d 381, *disc. rev. denied and appeal dismissed*, 300 N.C. 557, 270 S.E. 2d 109 (1980). The qualifying language, "for the purposes of this action," does not detract from the conclusive effect of the admission, since it merely restates the express terms of the rule. R. Civ. P. 36(b). Moreover, VEPCO made other similar concessions that respondents owned the fractional interest, in answers to interrogatories and elsewhere, which were also admissible against it. *See* 2 H. Brandis, N.C. Evidence Section 177 (2d rev. ed. 1982); R. Burns, Use of Discovery Under N.C. R. Civ. P., Section 8-11 (1971). Considering this evidence in the light most favorable to respondents, the trial court clearly erred in ruling as a matter of law that respondents had no interest in the property, and its order must be reversed.

## II

As to what interest, if any, respondents have beyond the admitted small fractional interest, respondents contend that they own a substantial percentage of the property, and that they have produced sufficient evidence to entitle them to go to trial. VEPCO argues that we should find no error as to the remaining title issues, direct partial summary judgment awarding respondents only their admitted small interest, and remand for a determination of respondents' damages for the condemnation of that small interest.

The trial court's finding that respondents owned no interest at all in the subject property, necessarily includes a finding that respondents failed as a matter of law to prove any larger interest as well. In the interests of judicial economy, we now turn to that issue.

III

In our consideration of this question we face a voluminous and confusing record. Respondents refer repeatedly to certain survey points designated by letter on a court map. There is a court map in the record, but the designated points do not appear on that map. Despite careful examination, we can only *estimate* the location of the disputed areas. Likewise, the documents constituting the respective chains of title leave much to be desired in terms of legibility and clarity. We have cautioned litigants previously of their duty to present the issues clearly in the trial court and on appeal. *Estrada v. Jacques*, 70 N.C. App. 627, 321 S.E. 2d 240 (1984); *see* App. R. 28(a). We note again that the trial court has discretionary authority to exclude confusing materials which purport to supplement the affidavits supporting summary judgment. G.S. 1A-1, R. Civ. P. 56(e).

IV

Whether respondents own some interest in the property greater than the admitted fractional interest appears to involve three questions: (1) Whether respondents are barred by *res judicata* from asserting their claim; (2) Whether a grant from the State, the ultimate source of respondents' purported title, is unenforceable and therefore defeats their title; and (3) Whether respondents are able to locate their purported interest on the ground.

V

[2] The *res judicata* question arises out of an action begun in 1973 ("the 1973 action") by respondents' predecessors in title, Marshall Tillett, Sr. *et al.* (referred to hereafter collectively as "Tillett, Sr."), against VEPCO's predecessors, Estelle Gray, *et al.* (referred to hereafter collectively as "Gray"). Tillett, Sr., claiming under the same chain of title as respondents, alleged a boundary line dispute with Gray and that Tillett, Sr. had been in open possession of the disputed areas for more than 21 years. Gray denied any boundary dispute and counterclaimed for trespass and to quiet title as to Tillett, Sr. Gray moved for a directed verdict on the grounds that Tillett, Sr. had failed to show (1) a continuous chain of title or (2) the location of his deed on the ground. By judgment of 27 February 1975, Judge Robert D. Rouse, Jr. al-

lowed the directed verdict motion at the close of Tillett, Sr.'s evidence. Gray elected not to present evidence and took a voluntary dismissal as to the counterclaims.

### A

It is undisputed that Tillett, Sr. and Gray are the respective predecessors in title for respondents and VEPCO, with the exception of that small fractional interest previously discussed. To the extent that the judgment in the 1973 action has *res judicata* effect as to the state of the remaining title, it is clear that the parties here are bound by it. *See Weeks v. McPhail,* 128 N.C. 130, 38 S.E. 472, *reh'g denied,* 129 N.C. 73, 39 S.E. 732 (1901); *Yount v. Lowe,* 24 N.C. App. 48, 209 S.E. 2d 867 (1974), *aff'd,* 288 N.C. 90, 215 S.E. 2d 563 (1975).

### B

The doctrine of *res judicata,* as applied here, means that once an issue has been litigated and resolved by judgment, it may not be relitigated by the same parties or those claiming through them. *State ex rel. Lewis v. Lewis,* 311 N.C. 727, 319 S.E. 2d 145 (1984). The doctrine also operates to prevent litigation of issues necessarily embraced in the former action and to preclude relitigation of the same facts on different legal theories. *Blanton v. Maness,* 32 N.C. App. 577, 232 S.E. 2d 852, *disc. rev. denied,* 292 N.C. 728, 235 S.E. 2d 782 (1977).

### C

VEPCO argues that Tillett, Sr.'s failure to prove title in the 1973 action operates as such a bar to respondents' claims of title. Relying on *Mayberry v. Campbell,* 16 N.C. App. 375, 192 S.E. 2d 27, *cert. denied,* 282 N.C. 427, 192 S.E. 2d 840 (1972), we disagree.

In *Mayberry* plaintiffs alleged that they owned certain land and that defendants were trespassing thereon. Defendants denied plaintiffs' title, alleged ownership in themselves and pleaded a prior judgment as *res judicata.* That prior judgment dismissed a prior action by the same plaintiffs seeking to quiet title as to the same defendants. *Campbell v. Mayberry,* 12 N.C. App. 469, 183 S.E. 2d 867, *cert. denied,* 279 N.C. 726, 184 S.E. 2d 883 (1971). We held that defendants had not put their title at issue in the prior action by way of a counterclaim or otherwise, and that the judg-

ment of dismissal simply meant that plaintiffs had failed to prove title in themselves. Accordingly, the prior judgment did not bar plaintiffs' present action, since a failure of one of the parties to carry the burden of proof on the issue of title does not automatically entitle the adverse party to an adjudication that title to the disputed land is in him. *Mayberry v. Campbell*, 16 N.C. App. at 376, 192 S.E. 2d at 29, *following Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). In *Cutts* the Supreme Court, stating this rule, recognized that "[t]here are cases involving a disputed title to land in which neither party can carry the burden of proof." *Id.* at 412, 180 S.E. 2d at 308.

## D

In the instant case, the judgment in the 1973 action merely indicates that Tillett, Sr. failed to prove title in himself. It does not represent a conclusive adjudication of title in favor of Gray, and therefore could not be employed as such by VEPCO. *Mayberry v. Campbell, supra.* We note that rather than attempt to quiet title or obtain a judicial declaration of the boundary, Gray elected not to produce evidence but chose instead to voluntarily dismiss the counterclaims that could have finally adjudicated the adverse claims of Tillett, Sr. Nothing before us suggests that VEPCO should be in any better position than Gray. Therefore *res judicata* did not justify summary judgment here. The facts (1) that more than seven years have elapsed since the end of the 1973 action and (2) that respondents claim to have been in possession under color of title, further reinforce the appropriateness of our holding.

## VI

[3] VEPCO also urges that summary judgment was appropriate because respondents failed until 1973 to record the 1896 grant, the source of their title from the State. This was after recordation of the 1928 grant at the head of VEPCO's chain of title and after the expiration of all statutory grace periods. *See* G.S. 146-60 (1974). While the court below did not rule directly on this issue, and it is not clear what effect the land grants may have had on its decision, VEPCO contends that respondents' failure to timely register their grant makes their title fatally defective, justifying summary judgment for VEPCO.

Before 1959, title to land could be obtained by state grant, provided the grantee made entry and the land entered was vacant and unappropriated. *See* 2 Consolidated Statutes of N.C. Section 7540 *et seq.* (1920); *Walker v. Parker*, 169 N.C. 150, 85 S.E. 306 (1915); 1959 N.C. Sess. Laws c. 683. The law required (and still requires) that land grants be registered within two years in the county where the land lies. G.S. 146-55. Various saving provisions have extended the time for registering grants, with or without retroactive language, most recently for four years from January 1, 1977. 1977 N.C. Sess. Laws c. 701, *codified at* G.S. 146-60.1.

Nevertheless, contrary to VEPCO's contention, registration is not required to pass title under a grant. *Dew v. Pyke*, 145 N.C. 300, 59 S.E. 76 (1907); *Janney v. Blackwell*, 138 N.C. 437, 50 S.E. 857 (1905). In *Dew*, the Supreme Court compared the grant registration provisions with those governing deeds, *see* G.S. 47-18, which make registration of deeds necessary for them to be effective against creditors and purchasers for value. Since no comparable language appeared in the grants registration statute, G.S. 146-55, the court held that legal title passes from the State upon the grant and that prior recordation of the subsequent grant conveyed nothing to the junior grantee since the State then had nothing to grant.

For VEPCO to conclusively establish a superior title, it had to show not only that its later grant was duly recorded but that it or its predecessors had exercised some possession of, or other circumstances relative to, the lands described in the grant sufficient to divest respondents and their predecessors. *See Berry v. W. M. Ritter Lumber Co.*, 141 N.C. 386, 54 S.E. 278 (1906) (elder title preferred unless something divested it). It appears that VEPCO would probably advance the same claims originally put forward by Gray in the 1973 action, which have never been adjudicated upon a full hearing. Against VEPCO's claim respondents can trace a chain of title stretching back to a duly recorded 1897 judgment of the Superior Court of Dare County, which judgment recognized the existence of respondents' grant and confirmed their title in certain land thereunder. The relationship between these conflicting claims does not clearly appear from the face of this record. Both sides allege possession of some disputed area, but at this point neither has offered sufficient evidence to demonstrate or negate possession conclusively. The conflict appears to be a

boundary dispute. We conclude on the record presently before us that summary judgment was inappropriate on the land grant theory.

## VII

[4] VEPCO contends, and we agree, that a claimant to title to land must be able not only to establish a good chain of title, but also to fit the descriptions in that chain to the land. *Cutts v. Casey, supra; Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). As we have noted from this record, it is difficult to ascertain *exactly* where the land lies. However, response to a motion for summary judgment only requires a *forecast* of the evidence, *see Harris v. Walden,* 314 N.C. 284, 333 S.E. 2d 254 (1985), and we treat respondents' papers indulgently. *Vassey v. Burch,* 301 N.C. 68, 269 S.E. 2d 137 (1980). Accordingly, we hold that respondents have demonstrated sufficiently their ability to locate their claim to survive VEPCO's motion for summary judgment. Summary judgment was therefore improperly granted, and the court's order must be reversed.

## VIII

The parties bring forward some additional assignments of error, which we address briefly.

## A

[5] Respondents assign error to the denial of their motion to join additional parties. It is not necessary that this action finally determine all rights in the subject property. *Cutts v. Casey, supra.* All that is at issue is the extent of *respondents'* rights *vis-a-vis* VEPCO and *respondents'* entitlement, if any, to just compensation. Respondents have failed to show, other than by conclusory allegations, that any other parties are necessary to the resolution of these questions. The trial court did not abuse its discretion in denying the motion. *See Crosrol Carding Devs., Inc. v. Gunter & Cooke, Inc.,* 12 N.C. App. 448, 183 S.E. 2d 834 (1971). To the extent that other parties may have an interest in the land subject to condemnation, they have an adequate remedy at law and may choose whether to exercise it. *See* G.S. 40A-51; *Smith v. City of Charlotte,* 79 N.C. App. 517, 339 S.E. 2d 844 (1986).

B

Respondents assign error to the denial of their motions for summary judgment as to their ownership of the small fractional interest and in trespass. As to the first, it appears from the foregoing discussion that the fractional interest is conclusively established, and partial summary judgment for respondents on that question would be appropriate. Absent a grant of relief from VEPCO's admissions, partial summary judgment should be entered on remand. As to the second, it appears that if the fractional interest proves to be the only interest owned by respondents, then they and VEPCO would be tenants in common. As a tenant in common, VEPCO could not be a trespasser. *See* 87 C.J.S. Trespass Section 44a(3) (1954). VEPCO appears to have ample authority to condemn interests of its co-tenants. *See* G.S. 40A-19; G.S. 40A-2(7). This second issue of trespass must await resolution on remand of the status of title to the larger remaining fractional interest in the disputed property.

C

VEPCO assigns error to the denial of its motion to strike certain portions of respondents' affidavits. Since judgment was entered in its favor, any error can hardly have been prejudicial. Nor does it appear that the court relied on the allegedly incompetent matter in any way. VEPCO will have an opportunity to object and cross-examine on remand. This assignment is therefore overruled.

CONCLUSION

The trial court erred in entering summary judgment on all issues in favor of VEPCO. The case is accordingly remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges ARNOLD and PARKER concur.