GEORGE C. LEWIS, Plaintiff-Appellant v. GAMALIEL JONES, SR. and wife,
SHIRLEY F. JONES, Defendants-Appellees

No. COA98-631

(Filed 16 February 1999)

### 1. Judgments— consent—sale of real estate

The trial court properly concluded that plaintiff had waived his right to purchase property where plaintiff agreed to purchase from defendants real property, plaintiff filed an action for specific performance of the agreement, the parties entered into a consent judgment which provided an appraisal procedure, defense counsel sent a letter to plaintiff's counsel seeking an offer for the property following the appraisals, plaintiff failed to respond, defendants entered into a contract to sell the property to a third party and requested that plaintiff remove a notice of lis pendens, plaintiff refused to do so, defendants filed a motion asking the trial court to declare what right plaintiff continued to have in the property, and the trial court concluded that plaintiff had waived his rights under the consent judgment and was equitably estopped from asserting his rights. Although knowing that he had the right to purchase the property according to the terms of the consent judgment, plaintiff failed to exercise this right even after receiving the letter sent by defendant.

### 2. Estoppel— equitable—rights under consent judgment not asserted

The trial court properly concluded that plaintiff was estopped from asserting any rights to real property under a consent judgment where plaintiff chose not to exercise his right to purchase and agreed for defendants to seek a driveway permit; defendants thereafter sent plaintiff a letter inviting an offer based on an appraisal; and defendants were entitled to rely on the fact that plaintiff had taken no action to exercise his right to purchase under the consent judgment when defendants sold the property to a third party a year later.

Appeal by plaintiff from judgment entered 30 January 1998 by Judge W. Allen Cobb in New Hanover County Superior Court. Heard in the Court of Appeals 13 January 1999.

*Allen & MacDonald, by James A. MacDonald and Mary Margaret McEachern, for plaintiff-appellant.*

*Lea, Clyburn & Rhine, by J. Albert Clyburn and James W. Lea, III, for defendants-appellees.*

WALKER, Judge.

On 4 June 1986, plaintiff and defendants entered into an agreement whereby plaintiff agreed to purchase from defendants approximately 4.43 acres of real property located in New Hanover County, North Carolina. Plaintiff filed this action on 16 January 1991 against defendants seeking specific performance of their agreement.

On 11 September 1992, plaintiff and defendants entered into a consent judgment in which the plaintiff would have the right to purchase the property from defendants pursuant to the conditions of the consent judgment. The consent judgment provided that each party would obtain an appraisal and, if the two appraisals were more than $20,000 apart, a third appraisal would be obtained. The purchase price would then be settled by averaging the two closest appraisals.

On 1 August 1992, defendants obtained an appraisal from Gene Merritt, of the Gene Merritt Company, who appraised the property at $221,500. On 28 September 1992, plaintiff obtained an appraisal from Carlton Fisher, who appraised the property at $127,680 and stated "[t]his property has no accessibility at the present time and valuation is based on this fact."

Since the appraisals were more than $20,000 apart, a third appraisal was necessary and a third appraiser was subsequently selected by the two appraisers. Defendants then requested time to obtain a driveway permit to allow for accessibility to the property before the third appraisal was completed. Application for a street and driveway access permit was made to the North Carolina Department of Transportation and was approved on 14 November 1995. The third appraisal was completed on 18 September 1996 by Hansen S. Matthews, Jr., who appraised the property at $510,000 and noted that the owners would be allowed to have a driveway.

On 1 October 1996, defendants' counsel sent a letter to plaintiff's counsel seeking an offer for the property and asked for a response to the letter. Plaintiff failed to respond and one year later, defendants entered into a contract to sell the property for $435,000 to a third party.

**LEWIS v. JONES**

[132 N.C. App. 368 (1999)]

Subsequent to the sale of the property, defendants requested that plaintiff remove the notice of *lis pendens* which had been previously filed against the property; however, plaintiff refused to do so. As a result, defendants filed a motion asking the trial court to declare what right, if any, plaintiff continued to have in the property. On 30 January 1998, the trial court entered a judgment and found:

5. The letter of October 1, 1996 clearly sets forth the price at which the Defendant would accept the purchase of the property by the Plaintiff, George C. Lewis.

6. This letter placed upon the Plaintiff an affirmative duty to tender a response to the Defendant, but the Plaintiff remained silent and did not respond to the Defendant's letter of October 1, 1996 in any manner.

. . .

9. In reliance on the failure of the Plaintiff to respond in any manner, the Defendant has taken affirmative action to market and sell the property which is the subject to the lawsuit and has in fact, entered into contract with a third party.

10. That more than five years has passed since the entry of the original Consent Judgment in this case and during this period of time, the Plaintiff has not taken any action to enforce what he deems to be his rights under the Consent Judgment. The Consent Judgment is in the nature of an option to purchase property and the Plaintiff has failed to affirmatively take action, on a timely basis, to exercise this option.

11. After the sending of the October 1, 1996 letter, circumstances were such as to call for some action or declaration on the part of the Plaintiff but he failed to respond in any way.

The trial court then concluded:

2. That the Plaintiff has waived any and all rights to purchase the property which is the subject to this action.

3. In addition, the Plaintiff is equitably estopped from asserting any further rights to this property.

As a result, the trial court then ordered:

1. That any and all rights of the Plaintiff to purchase the above-referenced property pursuant to the terms and conditions of the

Consent Judgment entered into between the parties . . . are hereby voided by this Judgment and the Plaintiff has no further legal and/or equitable right to purchase the property. . . .

2. That the Notice of Lis Pendens filed June 27, 1988 as 88 CVS 1884 and the Notice of Lis Pendens filed January 16, 1991 as 91 CVS 0185, against this property, are hereby stricken from the record. . . .

Plaintiff contends the trial court erred in concluding that he had waived his rights under the consent judgment and that he was equitably estopped from asserting his rights under the consent judgment.

In reviewing a decision of a trial court, which sits without a jury, this Court's role is "to determine whether there was competent evidence to support its findings of fact and whether its conclusions of law were proper in light of such facts." *In re Norris*, 65 N.C. App. 269, 274-75, 310 S.E.2d 25, 29 (1983), *disc. review denied*, 310 N.C. 744, 315 S.E.2d 703 (1984).

**[1]** First, plaintiff argues the trial court erred in concluding he had waived his right to purchase the property under the consent judgment.

A consent judgment is a contract between parties entered on the record with the trial court's approval. *Yount v. Lowe*, 24 N.C. App. 48, 51, 209 S.E.2d 867, 869 (1974), *affirmed*, 288 N.C. 90, 215 S.E.2d 563 (1975). It is well established that a party can waive its rights in a contract if the following elements are established: "(1) the existence, at the time of the alleged waiver, of a right, advantage or benefit; (2) the knowledge, actual or constructive, of the existence thereof; and (3) an intention to relinquish such right, advantage or benefit." *Fetner v. Granite Works*, 251 N.C. 296, 302, 111 S.E.2d 324, 328 (1959).

The trial court found the consent judgment was in the nature of an option to purchase the property and plaintiff was required to exercise his option in a reasonable amount of time. *See Yancey v. Watkins*, 17 N.C. App. 515, 518, 195 S.E.2d 89, 92, *cert. denied*, 283 N.C. 394, 196 S.E.2d 277 (1973). In the five years since the consent judgment was entered, the plaintiff failed to take any action to enforce his rights.

In addition, the consent judgment stated that the parties were each to "select and hire a licensed real estate appraiser who shall

appraise the property owned by the defendants . . . *at its present fair market value."* (Emphasis added). Without the driveway permit and access, the property was less valuable. Plaintiff could have elected to purchase the property without the driveway permit. Although knowing that he had the right to purchase the property according to the terms of the consent judgment, plaintiff failed to exercise this right even after receiving the letter sent by defendants on 1 October 1996. Therefore, all of the elements necessary to show waiver on the part of the plaintiff have been established. Thus, the trial court properly concluded the plaintiff had waived his right to purchase the property.

**[2]** Next, plaintiff contends the trial court erred in concluding he was equitably estopped from asserting his rights under the consent judgment. The doctrine of equitable estoppel can be applied when neither bad faith, fraud, nor intent to deceive is present. *Hamilton v. Hamilton*, 296 N.C. 574, 576, 251 S.E.2d 441, 443 (1979). Equitable estoppel arises when a party "by acts, representations, admissions, or by silence. . . induces another to believe that certain facts exist, and such other person rightfully relies and acts upon that belief to his or her detriment." *Amick v. Amick*, 80 N.C. App. 291, 294, 341 S.E.2d 613, 614 (1986).

Plaintiff chose not to exercise his right to purchase the property but agreed for defendants to seek a driveway permit. By allowing the defendants to make this improvement to the property, defendants were entitled to assume that plaintiff was only interested in the property if he could obtain access. Thereafter, defendants sent plaintiff a letter inviting an offer based on the third appraisal; however, plaintiff did not respond. When defendants sold the property to a third party a year later, they were entitled to rely on the fact that plaintiff had taken no action to exercise his right to purchase under the consent judgment. Therefore, the trial court properly concluded that "plaintiff had waived any and all rights to purchase the property" and that "plaintiff is equitably estopped from asserting any further rights to this property."

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.