ISABELLA CEPLECHA AND LANA LEWIS, PLAINTIFFS v. PINE KNOLL TOWNES PHASE II ASSOCIATION AND THE BOARD OF DIRECTORS OF PINE KNOLL TOWNES PHASE II ASSOCIATION, DEFENDANTS

No. COA05-173

(Filed 7 March 2006)

**Condominiums and Townhouses— repair after storm— required number of votes—amendment of declaration of ownership**

An amendment to a condominium declaration of unit ownership was properly passed by the unit owners, but was barred by N.C.G.S. § 47C-1-102(b) and N.C.G.S. § 47C-3-113(h) because it permitted a simple majority rather than the statutory percentage of unit owners to make the decision not to repair a unit.

Appeal by plaintiffs from order entered 30 July 2004 by Judge Kenneth F. Crow in the Superior Court in Carteret County. Heard in the Court of Appeals 22 September 2005.

*Kirkman Whitford & Brady, P.A., by Neil B. Whitford, and Taylor & Taylor, P.A., by Nelson W. Taylor, III, for plaintiff-appellants.*

*Ward and Smith, P.A., by Eric J. Remington, for defendant-appellees.*

HUDSON, Judge.

Pine Knoll Townes Phase II ("Pine Knoll II") is a condominium project on the beach in Carteret County, governed by defendants, the Pine Knoll Townes Phase II Association ("the Association") and the board of directors of the Association ("the Board"). By filing of a complaint 12 November 2002, plaintiff Isabella Ceplecha, the owner of a condominium unit at Pine Knoll II, sought a declaration that an amendment passed by defendants was null and void. The parties filed cross-motions for summary judgment on the issue of the amendment's validity. Following a hearing, on 30 July 2004, the court

granted defendant's motion, denied plaintiff's motion, and dismissed the fourth cause of action in plaintiff's complaint. The parties then reached a settlement and the court entered a consent order dismissing the remaining causes of action on 26 October 2004. On 1 June 2005, plaintiff Ceplecha transferred all of her right, title and interest to plaintiff Lana Lewis. By order filed 1 August 2005, this Court allowed Lewis to be joined with Ceplecha in this appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 25(d). Plaintiffs appeal. As discussed below, we reverse.

In 2000, plaintiff Ceplecha owned an ocean-front unit at Pine Knoll II, a condominium complex composed of two buildings of twenty-three units each. Pine Knoll II was formed under Chapter 47A of the North Carolina General Statutes ("the Unit Ownership Act" or "the UOA") pursuant to a declaration of unit ownership dated 10 May 1972. The Association administers Pine Knoll II. In August 2000, after Hurricane Floyd damaged plaintiff's unit at a cost of more than $77,000, the Association sought to amend section 18 of the declaration, which addressed actions to be taken in response to any damage to Pine Knoll II. The original section 18, in turn, referred to section 19, which tracked statutory language requiring that damage be repaired unless "the building shall be more than two-thirds destroyed by fire or other disaster and the owners of three-fourths of the building duly resolve not to proceed with repair . . . ." *See* N.C. Gen. Stat. § 47A-25 (2001).

The amendment to section 18 effectively alters both the original sections 18 and 19 and reads, in pertinent part:

(h) Any portion of the Condominium for which insurance is required under this section which is damaged or destroyed shall be repaired or replaced promptly by the Association unless . . . (3) a majority of the Unit Owners in number and common interest vote not to rebuild the damaged portion of the Condominium . . .

If the Unit Owners vote not to rebuild any Unit, (i) the insurance proceeds attributable to that Unit and its undivided interest in the Common Areas and Facilities shall be paid to the Unit Owner in full compensation for his Unit and his interest in the Common Areas and Facilities . . ."

Plaintiffs argue that the court erred in granting summary judgment to defendant and denying summary judgment to plaintiffs on the issue of this amendment's validity. As explained, we reverse.

We begin by noting the well-established standard of review for a trial court's grant of summary judgment:

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). On a motion for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party." *Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 775 (1998) (citation omitted). When determining whether the trial court properly ruled on a motion for summary judgment, this court conducts a *de novo* review. *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986).

*Brown v. City of Winston-Salem*, 171 N.C. App. 266, 270, 614 S.E.2d 599, 602 (2005).

Plaintiffs contend that the amendment conflicts with provisions under the UOA for determining when rebuilding of a damaged building is not required. Plaintiffs assert that N.C. Gen. Stat. § 47A-25 mandates the conditions under which a unit owners association can determine whether to rebuild or repair damage. This statute reads, in pertinent part:

> Except as hereinafter provided, *damage to or destruction of the building shall be promptly repaired and restored by the manager or board of directors, or other managing body,* using the proceeds of insurance on the building for that purpose, and unit owners shall be liable for assessment for any deficiency; *provided, however, if the building shall be more than two-thirds destroyed by fire or other disaster and the owners of three-fourths of the building duly resolve not to proceed with repair or restoration . . . .*

N.C. Gen. Stat. § 47A-25 (2005) (emphasis supplied). The language of the original section 19 of the declaration tracks that in the statute.

In 1985, the General Assembly created the North Carolina Condominium Act ("NCCA"), Chapter 47C, which applies to all condominiums created on or after 1 October 1986. N.C. Gen. Stat. § 47C-1-102(a) (2001). While certain sections of Chapter 47C auto-

matically apply to condominiums created before 1 October 1986, none of the listed provisions touch on the question at issue here. However, N.C. Gen. Stat. § 47C-1-102(b) also provides that an owners association may amend its declaration so as to conform to NCCA provisions, even if the amendments would not have been permitted under the UOA:

> (b) *The provisions of Chapter 47A, the Unit Ownership Act,* do not apply to condominiums created after October 1, 1986 and *do not invalidate any amendment to the declaration, bylaws, and plats and plans of any condominium created on or before October 1, 1986 if the amendment would be permitted by this chapter.* The amendment must be adopted in conformity with the procedures and requirements specified by those instruments and by Chapter 47A, the Unit Ownership Act. If the amendment grants to any person any rights, powers, or privileges permitted by this chapter, all correlative obligations, liabilities, and restrictions in this chapter also apply to that person.

N.C. Gen. Stat. § 47C-1-102(b) (2001) (emphasis supplied). Thus, a pre-1 October 1986 condominium may remain governed under the relevant provisions of the UOA or an association may choose to amend its declaration *so long as the amendment conforms with the NCCA.* The amendment must be valid under either the relevant provision of the UOA or those of the NCCA.

The relevant statute under the NCCA for our consideration is N.C. Gen. Stat. § 47C-3-113(h):

> (h) *Any portion of the condominium* for which insurance is required under this section *which is damaged or destroyed shall be repaired or replaced promptly by the association unless* (1) the condominium is terminated, (2) repair or replacement would be illegal under any State or local health or safety statute or ordinance, or (3) *the unit owners decide not to rebuild by an eighty percent (80%) vote, including one hundred percent (100%) approval of owners of units not to be rebuilt or owners assigned to limited common elements not to be rebuilt.*

N.C. Gen. Stat. § 47C-3-113 (2005).

Because the amendment at issue here allows the decision whether to rebuild or repair to be made by a simple majority rather than the three-fourths of unit owners, and does not require that at

least two-thirds of the building be destroyed before such a decision may be taken, plaintiff argues that the amendment conflicts with the requirements of N.C. Gen. Stat. § 47A-25. We agree.

The amendment here was properly passed by the unit owners, but pursuant to N.C. Gen. Stat. § 47C-1-102(b), declarations may only be amended in conformity with the requirements of the NCCA. Therefore, we must consider whether it would be permitted by the terms of the NCCA. N.C. Gen. Stat. § 47C-3-113(h) expressly sets forth the percentage of owners who must vote not to repair, and does not permit an amendment like the one passed by defendant association, permitting a simple majority of unit owners to make the decision. Because this amendment would not be permitted by N.C. Gen. Stat. § 47C-3-113(h), it is barred by N.C. Gen. Stat. § 47C-1-102(b).

Defendants contend that N.C. Gen. Stat. § 47A-25 applies only to the decision to rebuild or repair entire buildings, as opposed to individual units, which are damaged. Defendants argue that the language of the statute does not address the decision to repair or rebuild an individual unit. Rather, they assert, decisions about individual units are left to the sound discretion of the Association. This interpretation does not square with the General Assembly's clear intention in passing N.C. Gen. Stat. § 47C-1-102(b), which allows amendments to pre-1986 condominium associations only if they conform to N.C. Gen. Stat. § 47C-3-113(h), which in turn made the provisions for deciding not to rebuild or repair even more stringent than those under the UOA. The amendment does not conform to N.C. Gen. Stat. §§ 47C-1-102(b) or 47C-3-113(h) and is void.

Reversed.

Judges McGEE and SMITH concur.